IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY LEE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:09-00842 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| OFFICER J. SIRCY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Strike Plaintiff's Amended Complaint and Subsequent Letters." Docket No. 47. Defendant seeks to strike the Amended Complaint submitted by Plaintiff on July 29, 2010 (Docket No. 42), and two subsequent letters Plaintiff sent for filing on August 10 and 16, 2010 (Docket Nos. 43, 44). The pro se Plaintiff has not filed a Response to the Motion.

Defendant is correct that Plaintiff was required to secure leave of Court before filing his Amended Complaint, but he failed to do so. Therefore, Plaintiff's Amended Complaint (Docket No. 42) should be stricken.

Defendant also seeks to strike two letters Plaintiff has sent to the Court. Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

The letters at issue are not "pleadings," and, therefore, they cannot be stricken.

At this time, neither party has appropriately filed any Motion or other documentation that would require the Court to consider the letters at issue. Unless and until this happens, it is unnecessary for the Court to consider the propriety of the submission of the letters at issue.

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Amended Complaint should be GRANTED. Defendant's Motion to Strike Plaintiff's Subsequent Letters should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

3