# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICKY LEE DAVIS, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:09-00842 |
| v. | ) Judge Campbell / Knowles |
| | ) |
| OFFICER J. SIRCY, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 95. Along with that Motion, Defendant has filed a supporting Memorandum of Law, a Concise Statement of Material Facts, Defendant's Affidavit with Exhibits, relevant excerpts from the Deposition of Lisa Marie Bass, and relevant excerpts and exhibits from the Deposition of Dr. John R. Pinkston, M.D. Docket Nos. 95-1 - 97.

Plaintiff has not filed a response to Defendant's Motion or Concise Statement of Material Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging that Defendant violated his Fourth Amendment rights when he tased him in the chest and penis "for no reason," during the course of his arrest on April 6, 2009.[1] Docket No. 19, Amended

---

[1] Plaintiff, in his Amended Complaint, lists the date of the incident as April 6, 2009, but the undisputed facts demonstrate that the incident occurred on April 9, 2009. The discrepancy in the date, however, is immaterial to the issues before the Court.

Complaint. Plaintiff seeks monetary damages. *Id.*

It should be noted Plaintiff sued only two Defendants in his original Complaint: (1) the Gallatin Police Department, and (2) Sumner County Memorial Hospital. Docket No. 1. It is also important to note that Plaintiff's original Complaint contained a declaration under the penalty of perjury. Docket No. 1, p. 3. The undersigned submitted a Report and Recommendation (Docket No. 14) recommending that Plaintiff's claims against these two Defendants be dismissed for failing to comply with a Court Order (Docket No. 10) requiring him to explain why he had not served Defendants within 120 days of the filing of the Complaint.

Plaintiff thereafter filed a letter with a copy of the Arrest Report related to the incident at issue, which listed the "Arresting Officer" as "J. Sircy." Docket No. 13, p. 2. Additionally, Plaintiff filed a letter on April 29, 2010, which stated in part "I also ask that you except [*sic*] my correction in my claim of adding the arresting officer on my claim." Docket No. 17, p. 2. With that letter, Plaintiff submitted what appears to be an exact copy of his original Complaint, except that Plaintiff had added "Officer J. Sircy" as a Defendant in the style of the case (Docket No. 19, p. 1), and he had added "Officer J. Sircy" as an "Additional Defendant" (*id.*, p. 2).

Judge Trauger subsequently entered an Order adopting the undersigned's Recommendation that Plaintiff's claims against the Gallatin Police Department and Sumner County Memorial Hospital be dismissed. Docket No. 18. In that same Order, Judge Trauger construed Plaintiff's filings (Docket Nos. 13, 17) as a Motion to Amend his Complaint to add Officer J. Sircy as a Defendant. *Id.* Judge Trauger further directed the Clerk to file the Amended Complaint. *The Amended Complaint, however, contains no substantive allegations specifically establishing that Defendant Sircy did anything.* The substantive allegations of the

2

Amended Complaint, like those of the original Complaint, refer simply to "the Officer."[2]

Defendant filed the instant Motion and supporting materials on February 10, 2011. Docket Nos. 95-97. Defendant maintains that he is entitled to summary judgment because there are no genuine factual issues and because: (1) Plaintiff has failed to state a claim against Officer Sircy in his official capacity because he has not alleged that the City of Gallatin, Tennessee has an unconstitutional custom or policy that lead to a violation of his rights; (2) another Police Officer, not Defendant, tased Plaintiff; and (3) Defendant is entitled to qualified immunity. *Id.*

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[3]

At approximately 2:22 a.m. on April 9, 2009, Officer Sircy of the Gallatin Police Department responded to a 911 call made by Lisa Marie Bass, to her address at 1004 West Street in Gallatin, Tennessee 37066. Docket No. 95-1, Affidavit of Officer Sircy ("Def. Aff."), ¶¶ 4-5; Docket No. 95-3, Offense Report, p. 1; Docket No. 95-8, Deposition of Lisa Marie Bass ("Bass Dep."), pp. 17-20. Right after Officer Sircy arrived on the scene, Officer Greg Alvis also arrived on the scene. *Id.*

Ms. Bass, the 911 caller, reported that Plaintiff was drunk, combative, refused to leave her house, and had a knife. Def. Aff., ¶ 5; Bass Dep., pp. 17-20. The 911 dispatcher communicated the information received in the 911 call to the two responding officers. *Id.*

---

[2] It appears that, after Plaintiff received a copy of the Arrest Report that listed Officer J. Sircy as the "Arresting Officer," he assumed that Officer Sircy was the Officer who tased him.

[3] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

When the officers arrived, Plaintiff immediately began to run away from them. Def. Aff., ¶¶ 6-7. Plaintiff ran around the back of the house, so the officers split up and caught up to him. *Id.*

Both officers loudly and forcefully commanded Plaintiff to stop, show his hands, and get on the ground, but Plaintiff did not comply. Def. Aff., ¶¶ 8-11; Docket No. 95-2, Recording of 911 call. The officers believed that Plaintiff had a knife, that he posed a serious threat to themselves and others, and that he was out of control. Def. Aff., ¶¶ 10-11. After multiple warnings and no compliance from Plaintiff, Officer Alvis used his Taser on Plaintiff, the effects of which brought Plaintiff under control so that he could be handcuffed. *Id.*

Officer Sircy did not use his Taser on Plaintiff. Def. Aff., ¶ 13. The only force that Officer Sircy used was to apply minimal pressure with his hands to roll Plaintiff on to his stomach so that the handcuffs could be put on. *Id.*

Based on blood drawn from Plaintiff at 6:15 a.m., approximately four hours after he was arrested, Dr. John R. Pinkston determined that Plaintiff's blood-alcohol level was 214 at that time. Docket No. 95-9, Deposition of Dr. John R. Pinkston, pp. 18-19. Dr. Pinkston was able to extrapolate an approximation that Plaintiff's blood-alcohol level at the time of the arrest was 314, which is about four times the legal limit for driving. *Id.*, pp. 19-20. At that level of extreme intoxication, Plaintiff's ability to remember what happened would be impaired. *Id.*, pp. 22-24.

As discussed above, while Plaintiff's Complaint and Amended Complaint were executed under the penalty of perjury, neither the Amended Complaint nor the original Complaint contain any specific allegations from which the Court could conclude that Officer Sircy was the Officer who actually tased Plaintiff. Defendant Sircy states in his Affidavit that he did not use his taser

4

on Plaintiff. Therefore, Plaintiff has failed to raise a genuine issue as to material fact with regard to who tased him, and Officer Sircy's statement that he did not tase Plaintiff is undisputed.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on February 10, 2011. Docket No. 95. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Concise Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is

entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the

evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. §1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D.  The Case At Bar**

It is undisputed that Officer Alvis tased Plaintiff, and that Defendant did not use his Taser upon Plaintiff.  Def. Aff., ¶ 13.  Thus, Plaintiff cannot sustain his claim against Defendant Sircy.

### IV. Conclusion

For the forgoing reasons, there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge